IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| J. NEIL DeMASTERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 7:12-cv-00580 |
| | ) |
| CARILION CLINIC, | ) |
| **Serve: Briggs W. Andrews** | ) |
|     **213 S. Jefferson Street, Suite 720** | ) |
|     **Roanoke, Virginia 24011** | ) |
|     **(Roanoke City)** | ) |
| | ) |
| CARILION MEDICAL CENTER, | ) |
| **Serve: Briggs W. Andrews** | ) |
|     **213 S. Jefferson Street, Suite 720** | ) |
|     **Roanoke, Virginia 24011** | ) |
|     **(Roanoke City)** | ) |
| | ) |
| and | ) |
| | ) |
| CARILION BEHAVIORAL HEALTH, INC., | ) |
| **Serve: Briggs W. Andrews** | ) |
|     **213 S. Jefferson Street, Suite 720** | ) |
|     **Roanoke, Virginia 24011** | ) |
|     **(Roanoke City)** | ) |
| | ) |
|     Defendants. | ) |

**COMPLAINT**

Plaintiff J. Neil DeMasters moves for judgment against defendants Carilion Clinic, Carilion Medical Center, and Carilion Behavioral Health, Inc. (collectively, "defendant" or "Carilion"), and as grounds therefore states as follows:

**STATEMENT OF THE CASE, JURISDICTION AND VENUE**

(1) This is an action for declaratory and injunction relief, and damages, and to address depravation of rights secured by Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §2000e, *et seq.* (hereinafter, "Title VII") providing for relief against discrimination in employment.

(2)     Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1343 and 42 U.S.C. §2000e, *et seq*.

(3)     Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission on or about November 1, 2011; received a notice of right to sue dated August 31, 2012; and timely files this complaint within 90 days of receipt of the notice of right to sue.

## PARTIES

(4)     At all times material hereto, plaintiff is and has been a resident of the County of Roanoke and the Commonwealth of Virginia.

(5)     On information and belief, defendant Carilion Clinic is a corporation doing business in the western district of the Commonwealth of Virginia and elsewhere. According to company's website (*www.carilionclinic.org*, visited November 19, 2012) and on information and belief, Carilion Clinic is a healthcare organization with more than 600 physicians in a multi-specialty group practice and owns and operates eight hospitals, including Carilion Roanoke Memorial Hospital.

(6)     According to the Commonwealth of Virginia State Corporation Commission website (*www.scc.virginia.gov*, visited November 19, 2012) and on information and belief, defendant Carilion Medical Center is a corporation doing business in the western district of the Commonwealth of Virginia and elsewhere. Again according to the website and on information and belief, "Carilion Roanoke Memorial Hospital" is a fictitious name for Carilion Medical Center.

(7)     On information and belief, defendant Carilion Behavioral Health, Inc. is a

related corporation established by Carilion Clinic to provide EAP services to its employees and doing business in the western district of the Commonwealth of Virginia and elsewhere. Discovery is required to establish the nature and extent of the relationship between Carilion Clinic, Carilion Medical Center and Carlion Behavioral Health, Inc.

(8)     At all times material hereto, Carilion employed more than 10,000 persons.

(9)     Carilion is a "person" within the meaning of 42 U.S.C. §12111(7) and Title VII, Section 701, 42 U.S.C. §2000e.  Carilion employs 300 or more employees and is an "employer" within the meaning of 42 U.S.C. §12111(5)(A), and is engaged in an industry affecting commerce within the meaning of U.S.C. §12111(7), and Title VII, Section 701, 42 U.S.C. §2000e.

## STATEMENT OF FACTS

(10)    Plaintiff was employed by Carilion (plaintiff is not certain of the precise legal name of his employer) as an Employee Assistance Program (EAP) consultant in Carilion's behavioral health unit from on or about July 24, 2006 until his employment was terminated on or about August 10, 2011.

(11)    In October 2008 in his capacity as an EAP consultant, plaintiff met with John Doe (fictitious name), one of Carilion's employees, as a result of concerns about sexual harassment by one of his supervisors and a hostile work environment.  Plaintiff met with Doe on several occasions from October 2008 through January 2009.

(12)    Doe filed a charge of discrimination with the Equal Employment Opportunity Commission, received a notice of right to sue, and filed suit against Carilion in federal court on October 28, 2010.  Doe and Carilion resolved the claim, and the case was dismissed by stipulation and order of dismissal entered July 14, 2011.

(13)     During the counseling sessions, plaintiff acknowledged Doe's concerns about the harassment, which as stated included an assault and battery by Doe's supervisor, and the mishandling of Doe's case by Carilion's management and human resources.

(14)     On August 8, 2011, shortly after Carilion settled Doe's claim, Carilion called plaintiff to a meeting with a department director, a vice president of human resources, and Carilion's corporate counsel.  When plaintiff asked whether he could ask to have an attorney present, counsel for Carilion responded that if he did so he would be considered insubordinate and fired.

(15)     Plaintiff was told that he had not protected Carilion's interests and that plaintiff's conduct had left Carilion "in a compromised position."

(16)     During the meeting, one or more of Carilion's managers also asked plaintiff if he told Doe that what had happened to him at work was harassment, and asked plaintiff if he understood what liability a company could face if a company supervisor engaged in harassment as defined by law.  Plaintiff's department director also stated that plaintiff had failed to protect Carilion and had placed the entire operation at risk.

(17)     Two days later on August 10, 2011, Carilion sent a letter stating that plaintiff had "fail[ed] to perform or act in a manner that is consistent with the best interests of Carilion Clinic" and terminated plaintiff's employment effective that day.

(18)     Plaintiff's supervisor also told him that Carilion was angry at having lost the discrimination lawsuit and was looking to "throw somebody under the bus."

## CLAIM FOR RETALIATORY DISCHARGE

(19)     Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(20) Defendant has discriminated against plaintiff in violation of federal law in that defendants harassed and retaliated against plaintiff and terminated his employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

(21) As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(22) Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, plaintiff J. Neil DeMasters moves for judgment against defendants Carilion Clinic, Carilion Medical Center, and Carilion Behavioral Health, Inc., and each of them, jointly and severally, as follows:

(1) issue a declaratory judgment that defendants' acts violate Title VII;

(2) issue a permanent injunction enjoining and restraining defendants from violating the provisions of Title VII;

(3) award damages for loss of income and employment benefits, including both front and back pay, and damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life; as well as an award of punitive and liquidated damages, in an amount to be determined during the course of discovery and at trial; and

(4) award to plaintiff his costs and attorney's fees and expenses.

Trial by jury is demanded.

                Respectfully Submitted,
                J. NEIL DeMASTERS

              By   */s/ Terry N. Grimes*
                 Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
*tgrimes@terryngrimes.com*
   *Counsel for Plaintiff*